# UNITED STATES DISTRICT COURT
# DISTRICT OF MAINE

| | | |
|---|---|---|
| FLETCH'S SANDBLASTING & PAINTING, INC., | ) ) ) | |
| THIRD-PARTY PLAINTIFF | ) ) | |
| v. | ) ) | CIVIL NO. 2:15-CV-76-DBH |
| FAY, SPOFFORD, AND THORNDIKE, LLC AND THORNDIKE, INC. D/B/A STANTEC CONSULTING SERVICES, INC., | ) ) ) ) ) ) | |
| THIRD-PARTY DEFENDANT | ) | |

## ORDER ON MOTION FOR RECONSIDERATION

Subcontractor Fletch's has asked me to reconsider my ruling dismissing—because of the economic loss doctrine—its claim against Stantec, the project engineering and design firm in this case. See Mot. at 2 (ECF No. 127). Fletch's says that my ruling ignored the Maine Law Court's decision in Chapman v. Rideout, 568 A.2d 829, 830 (Me. 1990), adopting Restatement (Second) of Torts § 552(1) (1977) and Illustration 9 to that Restatement. Illustration 9 does support recognition of a cause of action in a case like this by a subcontractor against a project engineer. But the Law Court first recognized the economic loss doctrine defense in Oceanside at Pine Point Condo. Owners Ass'n v. Peachtree Doors, Inc., 659 A.2d 267 (Me. 1995), a decision issued after both Chapman (1990) and the relevant provision of the Restatement (Second) (1977). Peachtree, 659 A.2d at 270. I have tried to apply Peachtree and its reasoning faithfully.

Certainly, there is room for disagreement over applying the economic loss doctrine defense to cases like this. According to "Tort Liability of Project

Architect or Engineer for Economic Damages Suffered by Contractor or Subcontractor," "[a]lthough most courts have long held that lack of privity is not a bar to a negligence claim, they are deeply divided on whether the claim should be barred under the economic loss rule, which broadly prohibits the recovery of solely pecuniary losses under a theory of nonintentional tort." 61 A.L.R. 6th 445 (2017, originally published 2011). In my Order of February 21, 2019, I referred to "the 24 years since the Law Court last spoke on the topic [*i.e.*, Peachtree] and the difficulties this court and the Maine Superior Court have had in defining the doctrine's scope." Decision and Order at 7 n.9 (ECF No.125).

What the Law Court might do with the economic loss doctrine is even murkier today. Just last year, the American Law Institute adopted Restatement (Third) of Torts: Liability for Economic Harm (2018).[1] That new Restatement describes the economic loss doctrine controversy, but narrows the defense so that "[i]t is limited to parties who have contracts." Id. § 3, cmt. a. What used to be Illustration 9 to Restatement (Second) § 552 is now (with a minor modification[2]) Illustration 8 to Restatement (Third) § 3.[3] The comment states:

---

[1] The new Restatement is not yet published in hard copy and is subject to editorial revision, but the ALI says that in the interim we may cite "this and previous Tentative Drafts approved by ALI's membership" as "the official position of ALI." American Law Institute, "The American Law Institute Membership Approves Restatement of the Law Third, Torts: Liability for Economic Harm" (May 21, 2018), *available at* https://www.ali.org/news/articles/american-law-institute-membership-approves-restatement-law-third-torts-liability-economic-harm/ (last visited Apr. 17, 2019).

[2] The Reporter's Note says: "Illustration 8 is the same in substance as Illustration 9 to § 552 of the Second Restatement. It is condensed here, with an additional party removed for clarity's sake and language added to emphasize the significance for this Section." Restatement (Third) of Torts: Liab. for Econ. Harm § 3, Reporter's Note cmt. f.

[3] "City hires Engineer to test soil conditions at a site where it plans to erect a large building. City explains that Engineer's report will be distributed to prospective building contractors for use in estimating their costs. Engineer negligently submits an inaccurate report. Contractor wins the right to perform the construction, having relied on Engineer's report in preparing its bid. Engineer's errors cause Contractor to suffer losses in performing its contract with City. The

> Sometimes a plaintiff and defendant who had no contract with each other both had contracts with the same third party. In some cases of this type, it would have been possible for the plaintiff and defendant to work out their obligations to each other in advance by carefully writing their contracts with the party who stood between them. This Section does not extend its rule to those cases, however; *it does not foreclose claims between plaintiffs and defendants who are only indirectly linked by contract.*

Id. § 3 cmt. f (emphasis added).[4]  But the Reporter's Note to Illustration 8 also recognizes a "leading case for the minority view, denying recovery on the facts of Illustration 8."  Id. § 3, Reporter's Note cmt. f (citing Berschauer/Phillips Const. Co. v. Seattle Sch. Dist., 881 P.2d 986 (Wash. 1994)).[5]

With all the uncertainty, I suggested in my February 21, 2019 Order that certification to the Maine Law Court would be the best way to clear up the confusion, but the parties have declined to pursue that option.  Decision and Order at 7 n.9.  Since all I have for controlling Maine law, therefore, is Peachtree, I **DENY** the motion to reconsider.

**SO ORDERED.**

**DATED THIS 17TH DAY OF APRIL, 2019**

/S/D. BROCK HORNBY
**D. BROCK HORNBY**
**UNITED STATES DISTRICT JUDGE**

---

contracts between Contractor and City, and between City and Engineer, do not preclude a claim by Contractor against Engineer under § 5 or § 6 of this Chapter.  Engineer remains potentially liable to Contractor under either of those Sections."  Id. § 3, Illustration 8 (2012).

[4] See also id. § 6 cmt. b regarding "[t]hree-cornered construction disputes."

[5] Illustration 1 in § 2 is also close to Peachtree, and the Reporter's Note cites Peachtree. Reporter's Note cmt. b. In the Restatement (Third) of Torts: Products Liability (1998), the ALI recognized the economic loss doctrine and cited Peachtree.  Restatement (Third) of Torts: Prod. Liab. § 21, Reporter's Note cmt. d (1998).